IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD CANATELLA,

    Plaintiff,

v.

KRIEG, KELLER, SLOAN, REILLEY &
ROMAN LLP; STEVEN HERMAN; JAMES
KRIEG; JUSTIN FIELDS; ALLISON LANE
COOPER; JAYNE KIM; ALLEN
BLUMENTHAL; SYED MAJID,

    Defendants.

No. C 11-05535 WHA

**ORDER DENYING MOTION TO DISQUALIFY**

## INTRODUCTION

In this Section 1983 action, plaintiff moves to disqualify State Bar defendants' counsel, the Office of General Counsel, pursuant to California Rule of Professional Conduct Section 3-310(e). For the reasons stated below, the motion is **DENIED**.

## STATEMENT

The relevant undisputed facts are as follows: In 1999, plaintiff, an attorney practicing in California, hired James Wagstaffe of Kerr & Wagstaffe (KW) to represent him in a monetary sanctions proceeding stemming from plaintiff's courtroom conduct. Attorney Wagstaffe reviewed plaintiff's suit, represented him in the sanctions hearing, and gave him advice regarding a possible appeal. In 2011, plaintiff was made aware of possible California State Bar charges stemming in part from monetary sanctions imposed against him in a 2010 suit. Plaintiff filed a

claim against several attorneys of the State Bar, alleging a Section 1983 conspiracy and the unconstitutional application of various California statutes and rules of attorney conduct.

In November 2011, plaintiff learned that KW had aided the State Bar defendants' counsel, the Office of General Counsel (OGC), in writing its initial motion to dismiss. KW has subsequently withdrawn from the present action, and OGC filed a motion to dismiss plaintiff's first amended complaint without KW's involvement.

In January 2012, plaintiff filed a motion to disqualify OGC on the grounds that OGC acted as co-counsel with KW in filing the initial motion to dismiss and that there was an exchange of confidential information regarding plaintiff between KW and OGC.

**ANALYSIS**

**1. LEGAL STANDARD.**

Pursuant to Local Rule 11-4(a)(1), every attorney must "comply with the standards of professional conduct required of the members of the State Bar of California." Accordingly, California law governs the issue of disqualification. Here, the relevant standard is set forth in the California Rule of Professional Conduct 3-310(E):

> A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment.

Because of the potential for abuse, disqualification motions should be subjected to particularly strict judicial scrutiny. *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1049 (9th Cir. 1985). Plaintiff has the burden of establishing the existence of a disqualifying conflict of interest by a preponderance of the evidence. *H.F. Ahmanson & Co. v. Salomon Bros., Inc.*, 229 Cal. App. 3d 1445, 1452 (1999).

Our court of appeals has interpreted Rule 3-310(E) to require that "the former representation [be] 'substantially related' to the current representation." Whether a substantial relationship exists is determined by reference to: (1) the relationship between the attorney and the former client with respect to the legal problem involved in the former representation and (2) the relationship between the legal problem involved in the former representation and the legal

problem involved in the current representation. *Jessen v. Hartford Cas. Ins. Co.*, 111 Cal. App. 4th 698, 706–09 (2003).

Neither the California Rules of Professional Conduct nor the ABA Code specifically address the issue of disqualification of co-counsel, and there are no California or Ninth Circuit cases directly on point. Several district courts in this circuit have followed the Second Circuit's holding in *Fund of Funds, Ltd. v. Arthur Anderson & Co.* 567 F.2d 225 (2nd Cir. 1977). There, the court held that where two independent lawyers or law firms perform work for a common client on the same matter, one lawyer's or law firm's conflict of interest ordinarily will not be imputed to the other lawyer or firm. *Id*. at 233. However, where the two lawyers or firms had an intimate relationship, working together very closely and sharing confidential client information, one lawyer's or firm's conflict may result in disqualification of the other lawyer or firm. *Ibid*. The particular facts of each case must be considered in order to determine whether disqualification is warranted. *In re Airport Car Rental* outlined several factors to weigh in determining whether to disqualify co-counsel: (1) the extent of the initial contact between counsel and client; (2) evidence that the attorney shared any of the client's confidential information with co-counsel; and (3) evidence that co-counsel associated with the disqualified counsel because of the disqualified counsel's prior relationship with the client. *In re Airport Car Rental Antitrust Litig*, 470 F. Supp. 495, 505 (N.D. Cal. 1979) (Renfrew, J.).

### 2. PLAINTIFF'S RELATIONSHIP WITH KERR & WAGSTAFFE.

KW would be disqualified if it were still defendants' co-counsel. Attorney Wagstaffe directly aided plaintiff in 1999 in developing a legal strategy, which is a "classic attorney-client scenario" for the purposes of disqualification. *People ex rel. Deukmejian v. Brown*, 29 Cal. 3d 150, 154 (1981). Both the 1999 action and the present litigation involve legal problems surrounding sanction orders issued by trial judges after plaintiff's purported courtroom misconduct. There is therefore a substantial relationship between the former and current lawsuits.

### 3. PLAINTIFF'S RELATIONSHIP WITH THE OFFICE OF GENERAL COUNSEL.

KW's prior relationship with plaintiff and KW's assistance in the present action are such that OGC should not be disqualified. *First*, Attorney Wagstaffe's services for plaintiff in 1999

3

were brief and circumscribed. Attorney Wagstaffe only spent 7.6 hours over twelve days aiding plaintiff in a suit that plaintiff would eventually appeal in a *pro se* capacity. According to his billing statements, Attorney Wagstaffe's work involved reviewing plaintiff's sanctions, attending a court hearing, reviewing plaintiff's appellate brief, and helping plaintiff formulate a strategy. *Fund of Funds*, 567 F.2d at 226–27.

*Second*, plaintiff provides no evidence that Attorney Wagstaffe or KW shared any confidential information with OGC. Plaintiff claims only that he "assumes there was an exchange of information between KW and OGC during this case," yet provides no supporting facts. This seems unlikely, given the unrelated nature of the two different representations.

*Third*, there is no evidence that OGC associated with KW because of KW's prior relationship with plaintiff. Plaintiff does not claim that OGC sought out KW because of Mr. Wagstaffe's knowledge of the 1999 action. Both parties have alleged that OGC occasionally looks toward KW for its expertise in State Bar matters. There is therefore no reason to believe that OGC sought out KW for the purpose of acquiring confidential information regarding plaintiff.

Accordingly, OGC has no conflict of interest that would warrant disqualification.

## CONCLUSION

For the foregoing reasons, plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 13, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4