IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD CANATELLA,

    Plaintiff,

v.

KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP, STEVEN HERMAN; JAMES KRIEG; JUSTIN FIELDS; ALLISON LANE COOPER; LAYNE KIM; ALLEN BLUMENTHAL; SYED MAJID,

    Defendants.

No. C 11-05535 WHA

**ORDER GRANTING MOTIONS TO DISMISS**

## INTRODUCTION

In this Section 1983 action, defendants file separate motions to dismiss. For the following reasons, defendants' motions are **GRANTED**.

## STATEMENT

Plaintiff Richard Canatella has practiced law in California since 1972. Between 1989 and 1996, federal and state courts imposed numerous monetary sanctions against him for a cumulative total of approximately $100,000. Attorney Canatella was sanctioned for such reasons as vexatious litigation, filing frivolous actions and appeals, and use of delay tactics. These sanctions eventually led to formal charges by the California State Bar. In 1999,

Attorney Canatella's license was put on a thirty-day actual suspension and eighteen-month stayed suspension. The State Bar published the following report on its website:

> RICHARD CANATELLA [#53264], 61, of San Francisco was suspended for 18 months, stayed, placed on 18 months of probation with a 30-day actual suspension, and was ordered to take the MPRE within one year. The order took effect Sept. 17, 1999.
>
> Canatella stipulated to filing numerous frivolous actions in courts in San Mateo, San Francisco, and Santa Clara county courts, as well as in the California Court of Appeal and federal district and appeals courts.
>
> Six were civil matters he filed relating to a criminal case in which he represented a babysitter who was convicted of second degree murder and felony child abuse. The civil cases, filed on behalf of the babysitter and her parents, who owned the house where she lived, included legal malpractice, insurance bad faith, and allegations that various defendants conspired to deprive his clients of their constitutional rights.
>
> Canatella's involvement in nine other matters also was the subject of discipline.
>
> Sanctions were ordered against him or his clients 37 times. Courts repeatedly found him responsible for frivolous, meritless and vexatious actions. Sanctions totalled more than $18,000 in one matter, and the opposing parties were granted all fees and costs in another.
>
> In one case, a federal judge said, "This complaint is a paradigm for 'frivolous.'" Wrote another federal jurist: "Plaintiff's repeated attempt to challenge the sanctions and judgments . . . in the face of clear authority that his claim is frivolous, evidences his bad faith and wrongful purpose."

During his eighteen-month stayed suspension, Attorney Canatella was again sanctioned by a federal magistrate judge for further violating the same disciplinary provisions that he had violated earlier. In response, Attorney Canatella filed a Section 1983 action in district court to enjoin the State Bar from taking further disciplinary action against him. The district court dismissed the claims pursuant to *Rooker-Feldman* and *Younger*, and on the ground that the claims were not then ripe for review. Our court of appeals, however, reversed, holding that Attorney Canatella's claims were not barred by *Rooker-Feldman* or *Younger*, and that the claims were ripe for adjudication. Our court of appeals relied on Attorney Canatella's past disciplinary record to reach its conclusion, maintaining that "the parties remain philosophically on a collision course," and "we have no reason to doubt that Canatella's interactions with the State Bar

2

heretofore do not have at least some 'continuing, present adverse effects.'" *Canatella v. State of California*, 304 F.3d 843, 851–53 (9th Cir. 2002)

Eight years have passed. In 2010, Attorney Canatella was opposed to private attorney defendants James Krieg, Justin Fields, and Allison Lane Cooper in a state court rent dispute. This 2010 lawsuit had nothing to do with the suit that reached our court of appeals in 2002. In November 2011, defendant State Bar investigator Syed Majid called Attorney Canatella informing him that he was being investigated. As pled, the two bases of the investigation were an alleged failure to report or pay a discovery sanction for $4900, and for moving, several times in the course of litigation, to disqualify the presiding judges. Investigator Majid indicated to Attorney Canatella that, depending on how the investigation turned out, disciplinary charges might be filed under Business and Professions Code Sections 6068(b) and (d), and Rules of Professional Conduct Sections 5-200 and 3-110. These are not the same rules and statutes Attorney Canatella was charged with in the previous unrelated proceedings in 1999.

Attorney Canatella commenced the instant action in December 2011, alleging that private attorney defendants and State Bar defendants Jayne Kim, Allen Blumenthal, and Syed Majid conspired to deprive Attorney Canatella of his right to practice the law in violation of Sections 1983 and 1985. Attorney Canatella asserts Section 1983 claims against State Bar defendants, alleging that, as applied, the disciplinary statutes violate the First and Fourteenth Amendments. Attorney Canatella also asserts a due process claim against State Bar defendants, alleging that State Bar defendants did not go through the correct procedure in investigating him. State Bar defendants now move to dismiss based on *Younger* abstention, ripeness, and failure to state a claim. And, private attorney defendants separately move to dismiss on the ground that Attorney Canatella has not stated sufficient factual allegations to infer that a conspiracy took place.

At the motions hearing on March 8, private attorney defendants submitted a court order issued by the state superior court judge in the underlying rent dispute in 2010. In denying

Attorney Canatella's motion to terminate sanctions, Judge James McBride of the San Francisco Superior Court found:

> The Court determines that defendants Rodney Lough and Lowe and their attorneys, Richard Canatella and David Olick have willfully obstructed discovery, failed to meet and confer in good faith and have violated discovery orders. . . Defendants' counsel Richard Canatella had made no effort to meet and confer as ordered. Mr. Canatella offered the excuse that he could not meet and confer because he had been at trial. This excuse is not credible. Mr. Canatella was in trial for only four days of the two weeks allotted by the Court. . . Mr. Canatella has offered no cogent or credible reason why the lack of the April 7 meeting tape rendered him unable to obey the Court's order to meet and confer on discovery disputes. . . *The Court has found that Mr. Canatella acted in bad faith when he refused to meet and confer with plaintiff's counsel at times when not in trial. . . .*

Despite Attorney Canatella's allegations in his briefings and at the hearing that his only misconduct was failing to report or pay discovery sanctions and attempting to disqualify judges, this order shows Attorney Canatella's unethical conduct was more extensive.

### ARGUMENT

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. FRCP 12(b)(6); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendants are liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 1949-50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**1. ABSTENTION.**

Under *Younger* abstention, a district court must abstain and dismiss a suit where: (1) state proceedings are ongoing; (2) important state interests are involved; and (3) the plaintiff has an adequate opportunity to litigate federal claims in the state proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). In California, state bar disciplinary proceedings only begin when the accused attorney is served with a "notice of disciplinary charges." *Hirsh v. Justices of the Supreme Court of California*, 67 F.3d 708 (9th Cir. 1995). A "preliminary investigation before issuing a Notice of Disciplinary Charges or a mere complaint to the bar does not commence a

4

disciplinary action . . . to which *Younger* abstention would apply." *Canatella*, 304 F.3d at 851–52 (9th Cir. 2002).

The first factor of *Younger* abstention does not apply because Attorney Canatella has not yet received a notice of disciplinary charges. Accordingly, State Bar defendants' motion to dismiss on this ground is **DENIED**.

### 2. RIPENESS.

Ripeness is a question of timing, designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements. The ripeness inquiry includes both a constitutional and a prudential component.

Attorney Canatella challenges two rules and two statutes regulating attorney conduct on First and Fourteenth Amendment grounds. He claims that the rules and statutes, as applied, inhibit his ability to freely express himself in court and zealously represent his clients.

This order assumes that Attorney Canatella has Article III standing. He alleges a fear of future discipline under the challenged provisions for actions he believes were constitutionally protected. *See Canatella*, 304 F.3d at 853.

Prudential ripeness is guided by two considerations: The fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. A claim is fit for decision if the issues raised are primarily legal, do not require further factual development, and the challenged action is final. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1122–26 (9th Cir. 2009) (en banc). To establish "a dispute susceptible to resolution by a federal court," a plaintiff must allege that he has been "threatened with prosecution, that the prosecution is likely, or even that a prosecution is remotely possible." *Babbitt*, 442 U.S. at 289–99.

Attorney Canatella does not yet have prudential standing. He concedes that there are no present State Bar charges against him, and bases his complaint solely on speculation as to future events, and conclusory allegations. His only factual assertion is that the State Bar is investigating him. This investigation, of course, may never lead to disciplinary action. Attorney Canatella alleges nothing to indicate that his situation is different from any other attorney facing State Bar regulation. Regulating attorney activity has always been left

1  exclusively to the states, and this order will not change that long-standing practice. *Paciulan v.*
2  *George*, 229 F.3d 1226, 1230 (9th Cir. 2000).

3  The present procedural posture is different from that which existed in *Canatella*.
4  There, Attorney Canatella's Section 1983 claims were based on the same rules and statutes
5  on which he had already been charged and disciplined. This prompted our court of appeals
6  to conclude that there was a strong likelihood that Attorney Canatella would continue to be
7  charged and punished by the State Bar for violating those specific provisions, and therefore
8  adjudication by the district court was proper. The court held that, in *that* circumstance,
9  "Canatella's claims d[id] not arise in a factual vacuum and [we]re sufficiently framed to render
10 them fit for judicial decision." *Canatella*, 304 F.3d at 855.

11 Here, however, Attorney Canatella is not at risk of being sanctioned for violating codes
12 that he has continuously broken in the past. Unlike the prior case, Attorney Canatella has not
13 just finished a suspension for violating these rules and statutes, and there is only speculation as
14 to future charges. Attorney Canatella and the State Bar are not on the same "philosophical
15 collision course" as before. If Attorney Canatella's broad reading of *Canatella* were allowed,
16 any and every lawyer who suspects he is being investigated by the State Bar could seek a federal
17 injunction to stop the investigation on constitutional grounds. *Canatella*'s did not go so far.

18 Attorney Canatella argued at the March 8 hearing that, because State Bar proceedings
19 do not provide the same procedures as normal trials, such as the availability of witnesses,
20 he would not be not offered a fair opportunity to respond to the allegations of misconduct if his
21 federal claims were dismissed. Yet our court of appeals has firmly held that California's
22 attorney discipline process provides constitutionally sufficient procedural due process. *Hirsh*, 67
23 F.3d at 713.

24 Attorney Canatella's constitutional claims are not ripe. Accordingly, defendants' motion
25 to dismiss these claims is **GRANTED** without leave to amend.

26  **3. CONSPIRACY.**

27 The only claim against private attorney defendants is conspiracy to deny plaintiff
28 his rights under the Fourteenth Amendment. This conspiracy charge is based on the alleged

reporting of plaintiff's conduct by private attorney defendants to the State Bar. Under state law, such reporting is absolutely immune. California Business and Professions Code Section 6094. Nonetheless, Attorney Canatella is correct that state law cannot create immunities from Section 1983/1985 liability, which is a federal claim for relief.

Still, this order dismisses the conspiracy claim without leave to amend because the alleged reporting of Attorney Canatella to the State Bar was based on probable cause, given the written ruling made by Judge McBride. Therefore, the reporting was a petition for redress of grievance protected by the First Amendment and *Noerr-Pennington*, and thus immune from suit. *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510–513 (1972).

This is an incurable pleading defect and leave to amend will not be permitted.

**4. DUE PROCESS.**

Attorney Canatella alleges that he has been denied due process. He argues that he was never given a written warning that disciplinary charges might be levied against him, but was only called on the phone. Yet State Bar Rule of Procedure 2409(a) mandates that the State Bar notify an attorney of any allegations "prior to the filing of a Notice of Disciplinary Charges." Attorney Canatella admits that the State Bar has not filed a Notice of Disciplinary Charges, and may never do so. It is therefore premature to suggest a violation of this procedural rule. Attorney Canatella's due process complaint against State Bar defendants is therefore meritless.

**CONCLUSION**

For the foregoing reasons, defendants' motions to dismiss all claims are **GRANTED**, without leave to amend.

**IT IS SO ORDERED.**

Dated: March 13, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7