IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD CANATELLA,

    Plaintiff,

  v.

KRIEG, KELLER, SLOAN, REILLEY &
ROMAN LLP, STEVEN HERMAN; JAMES
KRIEG; JUSTIN FIELDS; ALLISON LANE
COOPER; LAYNE KIM; ALLEN
BLUMENTHAL; and SYED MAJID,

    Defendants.

No. C 11-05535 WHA

**ORDER DENYING MOTION
FOR LEAVE TO FILE MOTION
FOR RECONSIDERATION
OF ORDER GRANTING
MOTION TO DISMISS**

Plaintiff in this Section 1983 action moves for leave to file a motion for reconsideration of a dismissal order. Civil Local Rule 7-9(b) provides that a party moving for reconsideration must show:

> (1) That at the time of a motion for leave [to file a motion for reconsideration], a *material* difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) The emergence of new *material* facts or a change of law occurring after the time of such order; or (3) A manifest failure by the Court to consider *material* facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

(emphasis added).

Plaintiff only presents background facts surrounding Judge James McBride's sanctions order that led to the State Bar investigation. The order granting defendants' motion to dismiss held that, based on the *existence* of the sanctions order, the State Bar had probable cause to investigate him. This new information is immaterial to that holding.

Plaintiff's motion for leave to file a motion for reconsideration is therefore **DENIED.**

**IT IS SO ORDERED.**

Dated: March 19, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE