IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD CANATELLA,

    Plaintiff,

  v.

KRIEG, KELLER, SLOAN, REILLEY
& ROMAN LLP; STEVEN HERMAN;
JAMES KRIEG; JUSTIN FIELDS;
ALLISON LANE COOPER; JAYNE KIM;
ALLEN BLUMENTHAL; SYED MAJID,

    Defendants.
                                  /

No. C 11-05535 WHA

**ORDER DENYING MOTION
FOR RELIEF FROM
JUDGMENTS AND
VACATING HEARING**

     In this Section 1983 action, plaintiff moves for relief from judgment against him following an order granting defendants' motions to dismiss.

     Under FRCP 60(b)(1), a court may relieve a party from final judgment due to "mistake, inadvertence, surprise, or excusable neglect." Plaintiff argues that he had no way of knowing that Judge James McBride's sanctions order would be brought up at the March 8 hearing (Br. 20). This argument is unpersuasive. One week before the hearing, the Court expressly instructed the parties to "be prepared to explain what conduct led the State Bar defendants to investigate plaintiff" (Dkt. No. 39). Plaintiff should have known that the State Bar defendants might present the sanctions order at the hearing. Plaintiff further argues that Judge McBride's sanctions order was interpreted "in its most disparaging and derogatory light against plaintiff" (Br. 4). This is not so. Even a generous reading of the sanctions order could not mask the fact that it was a sanctions order giving the State Bar probable cause to investigate plaintiff.

Plaintiff also seeks leave to amend the final judgment under Rule 59(e). This is allowed when a district court "committed clear error" and was "manifestly unjust." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

Plaintiff argues that it was "clear error" and "manifestly unjust" to "hold plaintiff to a higher pleading standard for the apparent reason that plaintiff is a disreputable disciplined attorney" (Br. 2). The order to dismiss did no such thing. Plaintiff's status as a formerly disciplined attorney was not a factor. Plaintiff's complaint was dismissed because he did not have prudential standing to sue in federal court and because, based on Judge McBride's order, the State Bar had probable cause to investigate him.

Plaintiff also argues that the order dismissing his claims "committed clear error" by misinterpreting *Canatella v. California*, 302 F.3d 843 (9th Cir. 2000). *Canatella* was correctly distinguished from the present suit. In *Canatella*, plaintiff's claims were based on the same rules and statutes on which he had already been charged and disciplined. That was (and is) not so in the instant case. Therefore, plaintiff is not on the same "collision course" with the State Bar, and does not face "a strong likelihood [that he] may again face discipline under the challenged provisions." *Id*. at 853. Despite repeated attempts to prove otherwise, *Canatella* does not help plaintiff this time.

Accordingly, plaintiff's motion for relief from judgment and to amend the judgment is **DENIED**. The hearing scheduled for May 3, 2012 is **VACATED**.

**IT IS SO ORDERED.**

Dated: April 25, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2